IN RE: PARTITION of REAL PROPERTY Described as
Lot B, Block T, McDiarmid's Addition to the City of North Little
Rock, Pulaski County, Arkansas, James Stanley and Aubrey Burtrum
Stanley *v.* William B. BLEVINS, William S. Robinson,
Harriet Robinson, Bank of America, N.A.,
and Internal Revenue Service

CA 03-924                                           198 S.W.3d 567

Court of Appeals of Arkansas
Opinion delivered November 17, 2004

*Ralph M. Cloar, Jr.*, for appellants.

*Pierce, Robinson & Greene, P.A.*, by: *Alice Ward Greene*, for appellees.

Robert J. Gladwin, Judge. Appellants James Stanley and Audrey Burtrum-Stanley appeal the Pulaski County Circuit Court's April 28, 2003 order distributing the proceeds of a partition sale. On appeal they argue that the property was subject to invalid and unenforceable leases and that the court erred in confirming the sale and refusing to set aside the partition sale. Appellees filed a motion to dismiss the appeal, contending that appellants did not file a timely notice of appeal. We agree that the appeal was not timely filed and dismiss the appeal.

A thorough discussion of the trial pleadings is necessary. On July 15, 1999, appellants filed a petition to partition a lot located in North Little Rock. On August 29, 1999, a second amended petition for partition was filed naming William B. Blevins, William

S. Robinson, Harriet Robinson, and Bank of America, N.A., as defendants. Ultimately on January 24, 2000, the Internal Revenue Service (I.R.S.) was joined as a defendant in the third amended petition.

On January 18, 2001, the trial court ordered an appraisal of the property. On March 5, 2001, the trial court entered an agreed order waiving the appointment of a commissioner and ordering that the property be sold. The order stated that, after an appraisal, the property would be sold and the proceeds of the sale would be placed in the registry of the court. On April 16, 2002, an appraisal report was filed with the court placing the market value of the property at zero dollars. The report stated that the property's value would be $275,000 if it were not subject to certain leases and litigation. On August 20, 2002, the court appointed a commissioner and again ordered the property sold.

The property was sold to appellees at a commissioner's sale held October 31, 2002. On December 6, 2002, the report of sale was filed with the court. An order confirming the sale and order of distribution was also filed on December 6, 2002.

One day prior to the confirmation order being entered, the I.R.S. filed a pleading objecting to the confirmation. On December 13, 2002, appellants filed a pleading entitled Response to the United States' Objection to Confirmation in which they joined the I.R.S. in its objections. On December 18, 2002, appellees filed a response to the objections, arguing that the objections of the I.R.S. and appellants were moot. On January 3, 2003, the I.R.S. filed a notice of appeal, and appellants filed a motion to set aside the December 6, 2002 order. On February 19, 2003, the trial court entered an order allowing appellants and the I.R.S. to submit briefs by March 5, 2003. The trial court never specifically ruled on appellants' motion to set aside the December 6 order, but on April 3, 2003, it entered an order striking the I.R.S.'s objection to the purported leases. On April 28, 2003, the trial court entered an order distributing the funds held in the registry of the court. Although not included in the addendum, appellants filed their notice of appeal on May 22, 2003, appealing the April 28, 2003 order of distribution.

Appellants raise two points on appeal. They argue that the leases for the subject property were invalid and unenforceable and that the court erred in confirming the sale and refusing to set it aside. These issues arise from the December 6, 2002 order

confirming the sale and distribution of proceeds. A notice of appeal shall be filed within thirty days from the entry of judgment, decree, or order appealed from, unless the time to appeal is extended by the filing of a post-trial motion within ten days of the order. *See* Ark. R. App. P.—Civ. 4(a), (4)(b)(1).[1] Appellants never appealed the December 6, order, nor did they file a cross appeal to the I.R.S.'s appeal. Appellants did, however, file a motion to set aside the December 6 order on January 3, 2003. Because appellants' motion was not filed within ten days of the December 6 order, but rather was filed twenty-eight days later, it was insufficient to extend the time to file their notice of appeal from the December 6 order.

■ The confirmation of the decree and report of sale is conclusive of any issue which might and should have been raised in opposition to the confirmation. All of the issues sought to be raised here could have and should have been raised at the proper time, and we must now give conclusive effect to this confirmation order. *See Dumas v. Owen*, 210 Ark. 505, 196 S.W.2d 987 (1946); *Jones v. National Bank of Commerce of El Dorado*, 207 Ark. 613, 182 S.W.2d 377 (1944).

■ Appellants filed a notice of appeal from the second order of distribution and not from the order confirming the sale. Accordingly, appellants' appeal is untimely and must be dismissed.

Dismissed.

STROUD, C.J., and NEAL, J., agree.

---

[1] Assuming that the I.R.S.'s pleading effectively filed on December 7, 2002, and appellants' pleading filed on December 13, 2002, in which they joined the I.R.S.'s objections, qualifies as a post-trial motion, appellants' notice of appeal was still untimely. Both pleadings were filed within ten days of the order, which would serve to extend their time for filing notices of appeal. Because the court took no action, their motions were deemed denied on January 5, 2003. *See* Ark. R. App. P.—Civ. 4(b)(1). Appellants then had until February 4, 2003, to file their notice of appeal. Because appellants did not file their notice of appeal until May 22, 2003, it was untimely.